## JAMES HUNNEWELL, JR. vs. WILLIAM R. YOUNG.

The st. 1839, c. 368, § 3, respecting trustee process, must be construed in connexion with the prior legislation upon the same subject; and is not imperative upon a judge of the district court to continue the action, when after a verdict, and before judgment, the defendant has been summoned as the trustee of the plaintiff.

The law presumes, that a judge of a court of record has good reasons for all his decisions; and when the law entrusts to him the exercise of a discretionary power, he is not obliged to state the reasons upon the record.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

The facts appear in the opinion of the Court. The defendant excepted to the refusal of the Judge to order a continuance. No reasons are given for the refusal to continue the action.

*F. Allen*, for the defendant, cited the *stat.* 1834, *c.* 95, and *stat.* 1839, *c.* 368, § 3, and contended, that the Judge was bound by law to continue the action, when a trustee process is instituted before judgment. The statute is imperative, unless in certain cases, where the Judge upon good reason shown may order it. It must be shown upon the record, that it appeared to the Court, that good reasons had been given, or the Judge has no discretion on the subject.

*Foote*, for the plaintiff.

The trustee process, by the first statute, would not lie after suit brought. 2 *Mass. R.* 91 ; 3 *Mass. R.* 121 ; 4 *Mass. R.* 238 ; 15 *Mass. R.* 185. The *st.* 1834, *c.* 95, permitted the process to be served at any time before trial, but did not extend to cases where a verdict had been rendered. The *st.* of 1839, *c.* 368, left it discretionary with the Court, whether the action should be continued, that the defendant might have an opportunity first to answer in another suit, where he was summoned as trustee of the plaintiff.

The opinion was by

SHEPLEY J. — The defendant, after the verdict was rendered against him, was summoned as the trustee of the plaintiff; and moved for a continuance of the action on that account ; and it was

Hunnewell *v.* Young.

refused. It is contended, that he was entitled to it by virtue of the act of 1839, *c.* 368, § 3 ; or that it could be refused only for good reasons, which should have been stated. The statute of 1839 must be construed in connexion with the prior legislation on the same subject, otherwise the course and effect of the proceedings could not be ascertained. When one discloses and is adjudged trustee, the statute, *c.* 61, § 11, affords him protection by authorizing him to plead the general issue, and give the act in evidence. If he should be required to pay to a third person after a verdict has been already rendered against him, the statute does not provide for his protection. And this is a sufficient reason for refusing the continuance. When he discloses these facts, they will be sufficient to entitle him to be discharged from the trustee process. The law presumes, that a Judge of a court of record has good reasons for all his decisions ; and when the law entrusts to him the exercise of a discretionary power he is not obliged to state them.

<div align="right">

*Exceptions overruled.*